UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CEDRIC O'NEAL                                                                                           PETITIONER


v.                                                                              CIVIL ACTION NO. 3:21-CV-375-CRS


DANIEL AKERS, *Warden*                                                                       RESPONDENT


**MEMORANDUM OPINION**

This matter is before the Court for consideration of the Report and Recommendation of the United States Magistrate Judge that the petition for writ of habeas corpus filed by petitioner Cedric O'Neal ("Petitioner") under 28 U.S.C. § 2254 (DN 1) be denied. The Court has conducted a *de novo* review of those portions of the report to which Petitioner has filed objections. Upon review of the Magistrate Judge's report in conjunction with the record in this matter, this court concludes that the Magistrate Judge's findings of fact, conclusions of law, and recommendation should be accepted and adopted in their entirety.

**Factual and Procedural History**

According to the petition, in August 1997, at the age of 15, Petitioner was arrested for and charged with the robbery and killing of Quintin Hammond. DN 1-1, PageID# 19. The next month, Petitioner was transferred from juvenile court to the Circuit Court of Jefferson County, Kentucky as a youthful offender, where he was indicted by a grand jury. *Id.*, PageID# 19-20; DN 13-2, PageID# 203. In 1998, Petitioner was convicted of murder and first-degree robbery and sentenced to life in prison. DN 13-2, PageID# 154. His convictions were affirmed by the Kentucky Supreme Court upon direct appeal on June 8, 2000. *Id.*, PageID# 156.

1

In July 2003, Petitioner filed a motion to vacate, set aside, or correct sentence pursuant to Kentucky Rule of Criminal Procedure ("RCr") 11.42. *Id.*, PageID# 161. The trial court denied the motion and the Kentucky Court of Appeals affirmed. *O'Neal v. Com.*, No. 2003-CA-001926-MR, 2006 WL 750274, at *1 (Ky. Ct. Mar. 24, 2006). The Kentucky Parole Board denied Petitioner's request for parole in 2009 and scheduled Petitioner's next review for 2021. DN 13-2, PageID# 204.

Petitioner filed a second RCr 11.42 motion in January 2017 on the grounds that his sentence was unconstitutional in light of two U.S. Supreme Court decisions issued after the filing of his first RCr 11.42 motion. DN 13-2, PageID# 175. In June 2012, the Court in *Miller v. Alabama* held that it was unconstitutional for a sentencing scheme to mandate life in prison without the possibility of parole for juvenile offenders and that "a judge or jury must have the opportunity to consider mitigating circumstances before imposing the harshest possible penalty for juveniles." 567 U.S. 460, 489 (2012). In January 2016, the Court in *Montgomery v. Louisiana* held that the rule from *Miller* was "substantive" and should be applied retroactively in cases on collateral review. 577 U.S. 190, 195, 212 (2016). The trial court denied the RCr 11.42 motion, finding the *Miller/Montgomery* claim to be without merit; the Kentucky Court of Appeals affirmed, and, in September 2020, the Kentucky Supreme Court denied discretionary review. *O'Neal v. Commonwealth*, No. 2019-CA-000447-MR, 2020 WL 1074673, at *1 (Ky. Ct. Mar. 6, 2020), review denied (Sept. 16, 2020).

Early in June 2017, Petitioner filed the present petition under 28 U.S.C. § 2254, reiterating and expanding upon the same *Miller/Montgomery* claim the state courts finally rejected in September 2020. DN 1. As part of this claim, Petitioner challenges the legality of his transfer from juvenile court to circuit court. *Id.*, PageID# 44-48. The matter was referred to the United States

Magistrate Judge, who rendered Findings of Fact, Conclusions of Law, and Recommendation ("R&R") on April 28, 2022. DN 15. The R&R, as well as Petitioner's objections (DN 16) to it, will be reviewed below.

## Standard of Review

The Magistrate Judge recommended that this Court deny Petitioner's petition for the writ of habeas corpus and deny Petitioner a Certificate of Appealability. DN 15, PageID# 221. When reviewing the findings or recommendations of a Magistrate Judge, this Court must "'make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" *United States v. Shami*, 754 F.2d 670, 672 (6th Cir. 1985) (quoting 28 U.S.C. § 636(b)(1)). The Court must re-examine all relevant evidence previously reviewed by the Magistrate to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

## Review of Recommendation

The Court concurs with the Magistrate Judge's finding that the instant petition is time-barred. Federal law provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

As stated by the Magistrate Judge, "[i]n this case, the only viable candidates for triggering the running of Petitioner's limitation period are Sections 2244(d)(1)(A) and (C)." DN 15, PageID# 219. Because Petitioner's judgment "became final" ninety days after the Kentucky Supreme Court's affirmance of his convictions on June 8, 2000, the Petitioner's window for filing a petition under section 2244(d)(1)(A) would have closed on June 8, 2001. *Id.* (citing *Wright v. Adams*, No. 20-5430, 2020 WL 9423913, at *2 (6th Cir. Nov. 5, 2020)). If, instead, Petitioner sought relief under section 2244(d)(1)(C) based on the constitutional right recognized in *Miller* in 2012, the one-year limit for filing would have expired in June 2013. *Id.*, PageID# 219-220.[1] Petitioner did not file the instant petition until early June 2021.

The Court also agrees with the Magistrate Judge's finding that Petitioner has failed to make the necessary showing for equitable tolling to apply in this case. *Id.*, PageID# 220. First, Petitioner offers no evidence that he pursued his rights diligently. He did not file his second RCr 11.42 claim in state court until more than four years after *Miller* was decided and roughly one year after *Montgomery* was decided. Then, after his second RCr 11.42 motion was finally denied by the Kentucky Supreme Court, Petitioner did not file the instant petition for over eight months. Second, Petitioner alleges no facts showing that "extraordinary circumstances" prevented him from filing

---

[1] Under Supreme Court and Sixth Circuit precedence, the one-year limitation for Petitioner to file a petition under 28 U.S.C. § 2254 is measured from "the date on which the right asserted was initially recognized by the Supreme Court." *Dodd v. U.S.*, 545 U.S. 353, 358 (2005); *Brooks v. Jordan*, 20-5075, 2020 WL 4073268, at *2 (6th Cir. June 8, 2020), cert. denied, 141 S. Ct. 1124 (2021) ("[U]nder . . . subsection [28 U.S.C. § 2244(d)(1)(C)], the limitations period would have commenced when *Miller* was decided, not when *Montgomery* made *Miller* retroactively applicable to cases on collateral review.").

this petition sooner. As expressed by the Magistrate Judge, "Petitioner's ignorance of the need to sooner file his second 11.42 motion [does not] constitute an extraordinary circumstance." DN 15, PageID# 220 (citing *Franklin v. Hall*, No. 19-5501, 2019 WL 5800075, at *3 (6th Cir. Oct. 17, 2019)).

Petitioner's primary objection to the R&R rests on the argument that the claim regarding his transfer from juvenile court was timely because he did not become aware of "[t]he facts that predicate [this] claim" until November 19, 2018. DN 16, PageID# 223-24. Assuming, *arguendo*, that this claim was timely submitted pursuant to 28 U.S.C. § 2244(d)(1)(D), Petitioner does not point to any evidence that he exhausted his state court remedies with respect to this claim, as is required before relief can be granted under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2254 (b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State."). To satisfy the exhaustion requirement, a constitutional claim for relief must be presented to the state's highest court. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.").

Petitioner merely contends that he "brought [the claim challenging his transfer from juvenile court] to the attention of the [Kentucky] Court of Appeals" (DN 16, PageID# 223), but offers no documentation or other proof that he properly invoked "one complete round" of Kentucky's appellate review process regarding this claim. Moreover, elsewhere in the record Petitioner states that he "did not attempt to raise [the claim] in the state court" and that he "had no other remedy but to raise the claim in Federal Court for the first time." DN 8, PageID#121. Thus,

Petitioner has failed to show that this Court has jurisdiction over this claim. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000) ("The federal courts do not have jurisdiction to consider a claim in a habeas petition that was not "fairly presented" to the state courts.") (quoting *Franklin v. Rose*, 811 F.2d 322, 324-25 (6th Cir. 1987)). For these reasons, the Court rejects Petitioner's objection.[2]

In sum, Petitioner has shown no reason for this Court not to accept and adopt the findings of fact, conclusions of law, and recommendation of the Magistrate Judge. The Court also concurs with the Magistrate Judge's recommendation that the Petitioner should be denied a Certificate of Appealability. Petitioner's petition for writ of habeas corpus will be denied by separate order and a final judgment will be entered.

July 15, 2022

Charles R. Simpson III, Senior Judge
United States District Court

---

[2] Petitioner also seems to make the argument that he should not have been subject to the Kentucky statutes governing the trial of minors as youthful offenders because Petitioner "was assumed to be" 13 years of age when he committed the crimes for which he was later convicted. *See* DN 16, PageID# 225 (citing to mistaken statements of Petitioner's age in the state court record). Regardless of any misstatement of Petitioner's age in the record, there is no escaping the fact that Petitioner was, indeed, 15 years of age when he committed these crimes. Petitioner's birthdate is in the record as July 11, 1982 and the crimes were committed on August 20, 1997. DN 13-2, PageID# 155, 156. Petitioner admits his age elsewhere in the record. *See id.*, PageID# 161 (describing himself as being fifteen years old on August 20, 1997). Thus, even assuming Petitioner's argument that he was "outside the scope" of Ky. Rev. Stat. § 635.020—which applies to a child who "had attained the age of fourteen (14) years at the time of the commission of the alleged offense"—was properly preserved for the instant petition, it is wholly without merit.